## SEIKO ARAKAWA *v.* HARUKO ARAKAWA.

### No. 2722.

ARGUED JUNE 3, 1949.          DECIDED JUNE 3, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* On motion of the mother, the circuit judge at chambers issued an order citing the father to show cause why the decree of divorce, previously entered awarding permanent custody of the minor female child of

the parties to the mother and ordering the father to provide for the child's support, should not be amended so as to increase the amount of the decree's order of support. On counter motion of the father, the circuit judge issued an order citing the mother to show cause why the decree should not be amended so as to award permanent custody to the father. At the hearing both parties adduced evidence after which the circuit judge entered an order amending the decree so as to award temporary custody to the father "for a trial period of six months, effective July 1, 1948," from which order the mother appeals, although her appeal was not allowed by the circuit judge.

The specification of errors challenges the order of temporary custody on the ground that the best interests of the minor child required that the amount of her support as decreed to be paid by the father should have been increased without disturbing her custody in the mother.

Assuming without deciding that the order of temporary custody is a final, rather than an interlocutory, order with respect to which an allowance by the circuit judge was not necessary to the taking of the appeal, this court nevertheless finds no efficacy in the appeal. The record itself discloses not only that the circuit judge held in abeyance for future determination all matters of permanent custody and support, but that the force and effect of the order of temporary custody by the very terms thereof has expired more than three months before the appeal therefrom became ready on the calendar of this court. The appeal thus presents no judicable questions of fact and raises no points of law which have not been rendered moot by lapse of time. Its consideration, therefore, involves merely an academic discussion of the propriety of a spent order in which discussion this court will not indulge.

Appeal dismissed and the cause remanded below for

further proceedings consistent with the ultimate welfare and best interests of the minor child.

No appearance for appellant. (*C. B. Dwight*, deceased, on opening brief.)

*J. F. Gilliland* (also on answering brief) for appellee.